**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

*v.*

MICHAEL ADAMS, *et al*.,
*Defendants-Appellees*,

KENTUCKY ALLIANCE FOR RETIRED AMERICANS, *et al*.,
*Intervenors-Appellees*.

Case No. 26-05657

**INTERVENOR-APPELLEE KENTUCKY ALLIANCE FOR RETIRED AMERICANS' MOTION TO HOLD CASE IN ABEYANCE**

Intervenor-Appellee the Kentucky Alliance for Retired Americans ("Alliance") respectfully requests that the Court hold the briefing schedule in abeyance pending the expiration of the United States' deadline to seek certiorari in *United States v. Benson*, 179 F.4th 470 (6th Cir.), *reh'g denied*, No. 26-1225, 2026 WL 2364306 (6th Cir. Aug. 14, 2026), including any extension of that deadline, or the United States' earlier notification that it will not seek certiorari. If the United States does seek Supreme Court review, this case should remain in abeyance pending the Supreme Court's final disposition of *Benson*.

Counsel for the Alliance conferred with counsel for all other parties prior to filing this motion. Plaintiff-Appellant the United States of America does not oppose this Motion. Defendants-Appellees Kentucky Secretary of State Michael G. Adams and Kentucky State Board of Elections members Ross C. Owens, III, Eric Farris, John Y. Brown, III, Sue Perry, Deanna Brangers, Cory Skolnick, Dwight Sears, and Julie Griggs consent to this Motion. Intervenor-Appellees the League of Women Voters of Kentucky, Zitsi Mirakhur, Joern Soltau, and the New Americans Initiative also consent to this motion. Intervenor-Appellee David Yates does not consent to this Motion.

This appeal arises from an action by the United States Department of Justice ("DOJ") against the Kentucky Secretary of State and Kentucky State Board of Elections ("Defendants") alleging, *inter alia*, that Defendants violated Title III of the Civil Rights Act of 1960, 52 U.S.C. §§ 20701 *et seq.*, by refusing the Attorney General's demand for an electronic, unredacted copy of Kentucky's Statewide Voter Registration List ("SVRL").

On July 23, 2026, the United States District Court for the Eastern District of Kentucky granted Defendants' and Intervenors' Motions to Dismiss, concluding that DOJ is not entitled to Kentucky's SVRL because it "is not a record or paper subject to Title III of the Civil Rights Act." *United States v. Adams*, No. 3:26-CV-00019-CHB-EBA, 2026 WL 2123871, at *5 (E.D. Ky. July 23, 2026). The district court also found that DOJ "did not comply with its mandatory statutory obligation to submit a demand to the Defendants containing a statement of both the basis and purpose of its request." *Id*. at *6. On July 24, 2026, DOJ filed a notice of appeal of the district court's decision.

On August 10, 2026, the Court set a briefing schedule for this appeal. The United States' opening brief is due September 21, 2026, and Defendants-Appellees' and Intervenors-Appellees' responsive briefs are due October 21, 2026. *See* ECF No. 27.

A stay of that schedule is warranted, however, because a decision of this Court already resolves the issues in this appeal. *See Adams*, 2026 WL 2123871, at *4 ("In considering a nearly identical factual predicate, the Sixth Circuit squarely resolved these issues in favor of the Defendants" in *Benson*.). In *Benson*, a panel of the Sixth Circuit affirmed the Western District of Michigan's dismissal of the United States' lawsuit demanding Michigan's SVRL, holding, among other things, that the SVRL is "not subject to Title III" of the Civil Rights Act of 1960. 179 F.4th at 480. The Court also held that "the government did not comply with its mandatory statutory obligation to submit a demand to Benson containing a statement of both the basis and purpose of

its request." *Id*. at 483. On August 14, 2026, the Sixth Circuit denied the United States' request for *en banc* rehearing of *Benson*. *See United States v. Benson*, No. 26-1225, 2026 WL 2364306, at *1 (6th Cir. Aug. 14, 2026).

This appeal presents substantially the same legal questions resolved by the Sixth Circuit in *Benson*: whether the United States is entitled to Kentucky's SVRL under Title III of the Civil Rights Act of 1960. Accordingly, the Court's holding in *Benson* governs the outcome of this appeal as binding circuit precedent. The United States has until November 12, 2026, to file a petition for certiorari in the U.S. Supreme Court. *See* 28 U.S.C. § 2101(c); U.S. Sup. Ct. R. 13.

To conserve judicial resources, this Court should hold briefing in this case in abeyance pending the expiration of the United States' deadline to seek certiorari in *Benson*, including any extension of that deadline, or the United States' earlier notification that it will not seek certiorari. If the United States does seek Supreme Court review, this case should remain in abeyance pending the Supreme Court's final disposition of *Benson*.

Dated: September 16, 2026

Respectfully submitted,

**ELIAS LAW GROUP LLP**

*/s/ Aria C. Branch*
Aria C. Branch
Lucas Lallinger
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
abranch@elias.law
llallinger@elias.law
Tel: (202) 948-1135

*Counsel for Intervenor Kentucky Alliance for Retired Americans*

**CERTIFICATE OF SERVICE**

I certify that, on September 16, 2026, this motion was filed electronically and notice of its filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Aria C. Branch*
Aria C. Branch